UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60350-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JERMAYNE WHYTE,

        Defendant.

_____

## DETENTION ORDER

        Pursuant to 18 U.S.C. § 3142(f), on December 28, 2016, a hearing was held to determine whether the Defendant JERMAYNE WHYTE should be detained prior to trial.  Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the Defendant's appearance at trial and the safety of any other person and the community.   Therefore, it is hereby ordered that the Defendant Jermayne Whyte be detained prior to trial and until the conclusion thereof.

        In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

        1.  **18 U.S.C. § 3142(g)(1)** -- **Nature and Circumstances of the Offense.** The Defendant is charged by way of criminal complaint with sex trafficking of a minor, in

violation of 18 U.S.C. § 1591(a)(1).  This charge carries a minimum penalty of ten years in prison, with a maximum of life.  (The Government indicated in court that it is contemplating superseding the indictment to add the element of force, which would raise the mandatory minimum to fifteen years.  The indictment before this Court, however, does not include this allegation.)  The Government proffered that Defendant's sentencing guidelines range would be 360-life.  A rebuttable presumption arises based upon a probable cause finding that the Defendant committed an offense involving a minor victim under 18 U.S.C. § 1591. 18 U.S.C. § 3142(e)(3)(E).  Based upon the return of an indictment by the grand jury, *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985), as well as the proffer and evidence presented at the hearing, this Court finds that the government has established probable cause in this case, therefore the presumption applies.  18 U.S.C. § 3142(e)(3)(D).

  2. **18 U.S.C. § 3142(g)(2) -- Weight of the Evidence**.  The weight of the evidence against this Defendant is substantial.  At the hearing, the government proceeded by way of proffer, with FBI Special Agent Roy Van Brunt then made available for cross- examination.  The evidence shows that on May 27, 2016, law enforcement identified and located a missing juvenile, A.E., dancing at a Broward strip club.  When she was taken from the club, she told agents that she has been stripping and also engaging in prostitution via Backpage ads at the direction of Whyte.  A.E. said she (truthfully) told Whyte she was sixteen years old.  He gave her a fake ID in the name of a 25-year-old, but told her to tell people she was twenty.  Whyte and his girlfriend (Jennifer Castro) took A.E. to local strip clubs to perform and posted her on Backpage for

prostitution dates.  Whyte required her to give him all the money she earned, in return for a small stipend.  Whyte sometimes physically abused A.E. by beating her with a frozen loaf of bread and burning her back with cigarettes.  He also had sex with her.  A.E.'s story is corroborated by various texts, mostly to and from Castro.  During part of the applicable time period, Whyte was in jail, but the Government contends he was still managing and directing A.E. through Castro.  A state search warrant executed at Whyte's residence further corroborated A.E.'s version of events.  The search also revealed evidence of credit card fraud and/or identity theft, but that has not been charged. Agent Van Brunt testified that A.E. appears and acts like a minor. 18 U.S.C. § 3142(g)(2).

3.  **18 U.S.C. § 3142(g)(3) -- History and Characteristics of the Defendant.**  Mr. Whyte is a 28 year old US citizen, born in New York.  He has been in state custody since April, 2016, for a traffic violation and a violation of probation.  Prior to that, he lived in Sunrise with his common-law wife, along with their one-year-old child. Prior to 2002, he lived in New York.  His mother lives in Pembroke Pines.  He never met his father.  He has no siblings.  He completed the eleventh grade at Piper High School. He is in good mental and physical health.  He smoked marijuana daily until about one year ago.  He has received substance abuse treatment through the state.  Whyte's criminal history dates back to the age of twelve.  He has adult convictions for burglary of a dwelling, possession of MDMA and trafficking in MDMA, as well as violations of probation.  Most recently, he absconded from supervision and when he was arrested, he provided false identification to law enforcement.  18 U.S.C. § 3142(g)(3)(A) and (B).

    4. **18 U.S.C. § 3142(g)(4) -- Danger to any Person or the Community.** Based upon the statutory presumption and the nature and circumstances of the charged offenses as detailed in the proffer and testimony at the detention hearing, this Court finds that the Defendant's release would pose a danger to other persons and the community. Based on his criminal history and the lengthy sentence he is facing he is also a risk of flight.  18 U.S.C. § 3142(g)(4).

    5.  Based upon the above findings of fact, which were supported by the appropriate evidentiary standards (clear and convincing evidence for danger to the community; preponderance for risk of flight), this Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the Defendant's appearance as required and the safety of any other person and the community.  18 U.S.C. § 3142(e).

    The Court hereby directs:

    (a) That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

    (b) That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

    (c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the

Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 29th day of December, 2016.

_____

Copies to:    All counsel of record    PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE