UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-cr-60350-DIMITROULEAS(s)

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| JENNIFER CASTRO, | ) |
| | ) |
| Defendant. | ) |
| _____/ | ) |
| | ) |

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.
1. Enclosed, please find copies of 1 disc which contain the audio recording of the defendant's statement.

2. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

3. The Defendants did not testify before the Grand Jury.

4. The NCIC record of the defendant is attached.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, 7th Floor, Fort Lauderdale, FL 33394. Please call the undersigned to set up a date and time that is convenient to both parties.

6. The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

       7.     There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.     DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.     The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.     The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.     The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.     The defendant was not identified in a lineup, show up, photo spread or similar identification proceedings.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.     The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this case.

K.     The government will, upon defense request, make available for inspection any contraband seized in this case, including images of child pornography.

L.     If you wish to inspect any electronic evidence, including cell phones, used in the commission of the offense charged, please contact the undersigned.

M.      The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.      The government intends on calling Sergeant William Cunneen regarding cell phone tracking and mapping. Additionally, the government intends on calling Jeffrey Etter, a Computer Forensic Examiner at the Federal Bureau of Investigation and Forensic Examiner Ronald Faircloth. Both are experts in the field of computer forensic examination, will testify about the forensic examination he conducted of the defendant Jennifer Castro's computer and cell phones recovered. Specifically, he will testify about the following: phone extractions conducted and the data retrieved from the phones, web history, and web sites accessed by the devices. A copy of his CV are attached as an exhibit to this filing.

O.      The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.      At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

8. The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

9. In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

DATE: See Indictment
TIME: See Indictment
LOCATION: See Indictment

The attachments to this response are fourteen (14) discs, one (1) thumb drive, and bate stamped pages 1-350, containing the defendant's recorded statement, text messages, and photographs taken during execution of the search warrant and police reports. Please contact the undersigned Assistant United States Attorney if any items are missing.

                                               Respectfully submitted,
                                               WIFREDO A. FERRER

UNITED STATES ATTORNEY

By:  */s/Francis Viamontes*
Francis Viamontes
Assistant United States Attorney
Florida Bar No. 605514
U.S. Attorney's Office - SDFL
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, Florida
Telephone: (954) 660-5688
Facsimile: (954) 356-7336
Email: francis.viamotnes@usa.doj.gov

## **CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this  22nd  day of May, 2017 to all counsel of record.


                                             /s/ Francis Viamontes
                                           Assistant United States Attorney