# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.    16-60350-CR-DIMITROULEAS(s)

**UNITED STATES OF AMERICA**

**v.**

**JERMAYNE WHYTE,**
**a/k/a Turtle and**
**JENNIFER CASTRO,**

    **Defendants.**

_____/

### GOVERNMENT'S SECOND REVISED PROPOSED JURY INSTRUCTIONS

  Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the United States of America respectfully requests that the following jury instructions be given at trial in this case. The United States also requests that leave be granted to tender such additional instructions as may become appropriate based upon the evidence at trial. It is further requested that the parties be informed prior to closing argument which instructions the Court will accept and which it will reject.

        By:   s / *Francis Viamontes*
              Assistant United States Attorney
              Florida Bar No. 0605514
              500 Broward Blvd. 7th Floor
              Fort Lauderdale, Florida 33394-3016
              Tel: 954-660-5688
              Fax: 954-356-7336
              Francis.Viamontes@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of August, 2017, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF.

s/*Francis Viamontes*
Francis Viamontes
ASSISTANT UNITED STATES ATTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.    16-60350-CR-DIMITROULEAS(s)**

**UNITED STATES OF AMERICA**

**v.**

**JERMAYNE WHYTE,**
**a/k/a Turtle and**
**JENNIFER CASTRO,**

       **Defendants.**

_____/

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendants guilty beyond a reasonable doubt.

[1]

**Duty to Follow Instructions
And the Presumption of Innocence**[1]

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendants or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

[1]    Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 2.1 (2010).

[2]

### The Duty to Follow Instructions and the Presumption
### of Innocence When a Defendant Does Not Testify[2]

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

[2]   Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 2.2 (2010).

[3]

**Definition of "Reasonable Doubt"**[3]

The Government's burden of proof is heavy, but it does not have to prove a defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendants' guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendants have been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

[3]   Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 3 (2010).

[4]

**Consideration Direct and Circumstantial Evidence;**

**Argument of Counsel; Comments by the Court**[4]

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

---

[4]   Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 4 (2010).

[5]

## Credibility of Witnesses[5]

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter. To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

---

[5]     Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 5 (2010).

[6]

**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.[6]

---

6 Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 7 (2010)

[7]

**Impeachment of Witnesses Because of Inconsistent Statement or Felony Conviction (Defendant with Felony Conviction Testifies)[7]**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.   And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it.   People naturally tend to forget some things or remember them inaccurately.   So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.   The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify.   But if the Defendant testified, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

---

[7]  Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 6.6 (2010).

[8]

**Note-taking**[8]

You have been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity. You must use your notes only as a memory aid during deliberations.

You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

---

[8]   Eleventh Circuit Pattern Jury Instruction, Special Instruction No. 5 (2010).

[9]

**Confession or Statement of a Single Defendant**

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

[10]

**The Charges in this Case**

Now, let me turn to the crimes charged in this case.   I will not read the superseding indictment to you at length because you will be given a copy of it for study during your deliberations.   However, I will summarize the charges for you as follows:

Count One of the superseding indictment charges the Defendants with conspiracy to sex traffic A.E., a person under the age of eighteen years.

Counts Two of the superseding indictment charge the Defendants with sex trafficking A.E., a person under the age of eighteen years.

Count Three charges the Defendants with Transportation of an individual for prostitution.

[11]

## Conspiracy to Engage in Sex Trafficking of Minors
## 18 U.S.C. § 1594(c)

In Count 1, the Defendants are charged with violating Title 18, United States Code, Section 1594(c). It's a Federal crime to conspire to engage in sex trafficking of a minor.

Title 18, United States Code, Section 1591 makes it a Federal crime for anyone, in or affecting commerce, to recruit, entice, harbor, transport, provide, obtain, maintain, or solicit, by any means a minor, after having had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained, maintained, or solicited, and knowing or in reckless disregard that the person would be caused to engage in a commercial sex act.

Section 1591(c) adds that in a prosecution for this offense in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, obtained, or maintained, the Government need not prove that the defendant knew or recklessly disregarded the fact that the person had not attained the age of 18 years.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act.   In other words, it is a kind of partnership for criminal purposes.   Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.   The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

[12]

<u>First</u>:         That two (2) or more people in some way agreed to try to accomplish a shared and unlawful plan;

<u>Second</u>:      That the Defendant knew the unlawful purpose of the plan and willfully joined in it; and

<u>Third</u>:        That the object of the unlawful plan was to recruit, entice, harbor, transport, provide, obtain, maintain or solicit, by any means, a minor, A.E., the defendant had a reasonable opportunity to observe A.E.; and knew or was in reckless disregard of the fact that A.E. would be caused to engage in a commercial sex act;[9]

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan - and willfully joined in the plan on at least one occasion - that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy.    Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

In addition, some of the people who may have been involved in the events charged in the Indictment are not on trial before you.   This does not matter and should not enter into your deliberations.   There is no requirement that all members of a conspiracy be charged and prosecuted, or that they all be tried together in one proceeding.

---

9 *See United States v. Copeland*, 820 F.3d 820 (5h Cir. 2016).

[13]

**Reasonable Opportunity to Observe**

A person had a "reasonable opportunity to observe" a person if he or she *viewed* the person, or if he had an in-person, face-to-face interaction with the person.[10]

**Commercial Sex Act**

A "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

**Interstate Commerce**

In determining whether a defendant's conduct was in or affected interstate or foreign commerce," you may consider whether the Defendant used means or facilities of interstate commerce, such as cellphones, telephones, internet, or hotels.

A telephone is a "facility" of interstate and foreign commerce. A cellular telephone is a facility of interstate and foreign commerce. The Internet is a "facility" of interstate and foreign commerce. A hotel or motel is a facility of interstate and foreign commerce.

**Knowledge of Interstate Commerce**

In deciding the issue of whether the Defendant's charged conduct occurred "in" or "affected" commerce, you are further instructed that he Government need not prove that the

---

10 *United States v. Dontavious Blake et al., Docket 13-CR-80054-KAM (11th Cir. August 2017)* Court held that the five or six interactions with a minor victim were a "reasonable opportunity for the Defendants to observe the minor victim and satisfy the knowledge requirement of 1591(a);*United States v. Robinson*, 702 F.3d 22 (2012) (analogizes "reasonable opportunity to observe" to other federal sex crimes against minors, where there is no mens rea requirement "when 'the perpetrator confronts the underage victim personally.'"); *United States v. Lustig*, 3 F. Supp. 3d 808, 825 (S.D. Cal. 2014) (adopting *Robinson*; references case law where "the perpetrator confronts the underage victim personally"); Jury instructions used in *United States v. Brinson*, Case No. 13-CR-04-GKF (N.D. Okla.); 7th Circuit Pattern Jury Instruction (2012).

[14]

Defendant knew his conduct involved the use of any facilities of interstate commerce and hence occurred "in" interstate commerce or that he knew that his conduct would "affect" interstate commerce. It is sufficient that the Government prove that the Defendant's conduct did in fact occur "in" interstate commerce or that the natural consequences of the Defendant's conduct would "affect" interstate commerce.

## Consent

I further instruct you as a matter of law that minors lack the capacity to consent to unlawful sexual conduct. Therefore, whether the alleged minors involved in this case voluntarily agreed to engage in commercial sex acts in conjunction with their encounters with the defendant has no bearing on the issue of whether the Defendant is guilty of the charges contained in the indictment.

**Sex Trafficking of a Minor**
**18 U.S.C. Section 1591(a)(1)**

It is a federal crime for anyone, in or affecting commerce, to recruit, entice, harbor, transport, provide, obtain, maintain, or solicit, by any means a minor, after having had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained, maintained, or solicited, and knowing or in reckless disregard that the person would be caused to engage in a commercial sex act.

Section 1591(c) adds that in a prosecution for this offense in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, obtained, or maintained, the Government need not prove that the defendant knew or recklessly disregarded the fact that the person had not attained the age of 18 years.

The Defendant can be guilty of this crime as charged in indictment, only if all the following facts are proved beyond a reasonable doubt:

> First:    the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained, or solicited by any means, a minor A.E.;
>
> Second:   the defendant had a reasonable opportunity to observe A.E.; and
>
> Third:     that the Defendant's acts were in or affected interstate commerce.

**Commercial Sex Act**

A "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

[16]

### Reasonable Opportunity to Observe

A person had a "reasonable opportunity to observe" a person if he or she *viewed* the person, or if he had an in-person, face-to-face interaction with the person.

### Interstate Commerce

In determining whether a defendant's conduct was in or affected interstate or foreign commerce," you may consider whether the Defendant used means or facilities of interstate commerce, such as cellphones, telephones, internet, or hotels.

A telephone is a "facility" of interstate and foreign commerce. A cellular telephone is a facility of interstate and foreign commerce. The Internet is a "facility" of interstate and foreign commerce. A hotel or motel is a facility of interstate and foreign commerce.

### Knowledge of Interstate Commerce

In deciding the issue of whether the Defendant's charged conduct occurred "in" or "affected" commerce, you are further instructed that he Government need not prove that the Defendant knew his conduct involved the use of any facilities of interstate commerce and hence occurred "in" interstate commerce or that he knew that his conduct would "affect" interstate commerce. It is sufficient that the Government prove that the Defendant's conduct did in fact occur "in" interstate commerce or that the natural consequences of the Defendant's conduct would "affect" interstate commerce.

### Consent

I further instruct you as a matter of law that minors lack the capacity to consent to unlawful sexual conduct. Therefore, whether the alleged minors involved in this case voluntarily agreed to

[17]

engage in commercial sex acts in conjunction with their encounters with the defendant has no

bearing on the issue of whether the Defendant is guilty of the charges contained in the indictment.

**Transportation for Prostitution**
**18 U.S.C. Section 2421**

It is a Federal crime for anyone to knowingly transport an individual in interstate commerce with the intent that such individual engage in prostitution or any sexual activity for which a person can be charged with a criminal offense.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

First:     That the Defendant knowingly transported the individual named in the Superseding Indictment in interstate commerce; and

Second:     That the Defendant intended that the individual would engage in prostitution or any sexual activity for which a person can be charged with a criminal offense.

"Prostitution" has the same meaning as the term "commercial sex act," that is it means any sex act, on account of which anything of value is given to or received by any person.

In determining whether the Defendant intended that the individual would engage in prostitution, it is not necessary for you to find that the sole and single purpose of the transportation was prostitution. It is enough that one of the dominant purposes was prostitution or debauchery.[11]

---

11 *Hattaway v. United States*, 399 F.2d 431, 433 (11th Cir. 1968); *United States v. Campbell*, 49 F.3d 1079, 1082 (5th Cir. 1995).

[19]

[20]

**Aiding and Abetting; Agency**

**18 U.S.C. § 2**

It is possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person.   A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime -- not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.[12]

---

12 Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 7 (2010)

[21]

**Stipulations**

While statements and arguments of counsel generally are not evidence in the case, if a statement is made as an admission or stipulation of fact, it is evidence.   When the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

[22]

**On Or About a Particular Date; Knowingly - Willfully[13]**

You will see that the indictment charges that a crime was committed "on or about" a certain date. The Government does not have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident. The word "willfully" means that the act was done intentionally and purposely and with the intent to do something that the law forbids, that is, with the bad purpose to disobey or disregard the law.   Now, the Defendant need not be aware of the specific law or rule that their conduct may be violating.   Rather if they act with the intent to do something that the law forbids, they are acting willfully.

---

[13]   Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 9.2 (2010).

[23]

**Caution: Punishment**
**(Multiple Defendants, Multiple Counts)**

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

[24]

**Duty to Deliberate[14]**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

[14]   Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 11 (2010).

[25]

**Verdict**[15]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

---

[15]   Eleventh Circuit Pattern Jury Instruction, Basic Instruction No. 12 (2010).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**


**CASE NO.   16-60350-CR-DIMITROULEAS(s)**


**UNITED STATES OF AMERICA**

**v.**

**JERMAYNE WHYTE,**

                         **Defendant.**

_____/


**<u>VERDICT</u>**

1.      We, the Jury, unanimously find the Defendant, JERMAYNE WHYTE, as to **Count 1** of the Indictment:
                         GUILTY _____                         NOT GUILTY _____

2.      We, the Jury, unanimously find the Defendant, JERMAYNE WHYTE, as to **Count 2** of the Indictment:
                         GUILTY _____                         NOT GUILTY _____

3.      We, the Jury, unanimously find the Defendant, JERMAYNE WHYTE, as to **Count 3** of the Indictment:
                         GUILTY _____                         NOT GUILTY _____


        **SO SAY WE ALL.**

        Signed and dated at the United States Courthouse, Fort Lauderdale, Florida, this _____ day of August, 2017.

_____                    _____
Foreperson's Signature                                           Foreperson's Printed Name

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.   16-60350-CR-DIMITROULEAS(s)**

**UNITED STATES OF AMERICA**

**v.**

**JENNIFER CASTRO,**

**Defendant.**

_____/

**<u>VERDICT</u>**

1.      We, the Jury, unanimously find the Defendant, JENNIFER CASTRO, as to **Count 1** of the Indictment:

GUILTY _____                    NOT GUILTY _____

2.      We, the Jury, unanimously find the Defendant, JENNIFER CASTRO, as to **Count 2** of the Indictment:

GUILTY _____                    NOT GUILTY _____

3.      We, the Jury, unanimously find the Defendant, JENNIFER CASTRO, as to **Count 3** of the Indictment:

GUILTY _____                    NOT GUILTY _____

**SO SAY WE ALL.**

Signed and dated at the United States Courthouse, Fort Lauderdale, Florida, this _____ day of August, 2017.

_____                    _____
Foreperson's Signature                                   Foreperson's Printed Name